**CHILDS v. UNITED STATES.**

No. 96–53.

United States Court of Claims.

Feb. 2, 1954.

Harry B. Childs, pro se.

Lawrence S. Smith, Washington, D. C., with whom was Warren E. Burger, Asst. Atty. Gen., for defendant.

Before JONES, Chief Judge, and LITTLETON, WHITAKER and MADDEN, Judges.

JONES, Chief Judge.

The plaintiff, a railway postal transportation clerk, sues for overtime pay because of four extra trips which he made in December 1952. These trips aggregate 29 hours for which he claims overtime pay in the sum of $91.35.

[1] The pay of railway postal clerks is regulated by statute, the pertinent part of which is as follows:

"* * * Provided further, That the service of railway postal ·clerks assigned to road duty shall be based on an average of not exceeding eight hours daily for two hundred and fifty-three days per annum, including allowances for all service required on lay-off periods, and such allowances shall be not less than fifty minutes per day for two hundred and fifty-three days per annum for clerks assigned to class A runs and not less than one hour and thirty-five minutes per day for two hundred and fifty-three days per annum for clerks assigned to class B runs, and railway postal clerks assigned to road duty required to perform service in excess of an average of eight hours daily for two hundred and fifty-three days shall be paid for such overtime service on the basis of 150 per centum of the annual rate of pay received by such employees. In computing compensation for such overtime employment, the annual salary or compensation for such employees shall be divided by two thousand and twenty-four, the number of working hours in a year. The quotient thus obtained will be the base hourly compensation and one and one-half times that amount will be the hourly rate of overtime pay." 39 U.S.C.A. § 866.

All of plaintiff's service was performed on a class B run, as to which the statute provides a layoff-period allowance of 1 hour and 35 minutes per day, leaving a working schedule of the remaining 6 hours and 25 minutes which constitutes the working time.

In practical operation a record is kept by the Post Office Department, and when the daily average time on a trip is less than 6 hours and 25 minutes a deficiency is noted. When a sufficient deficiency is accumulated the clerk is assigned to an extra trip to make up the deficiency. If at the end of any month the overtime credit exceeds the deficiency, the clerk is paid one and one-half times his regular pay for each hour of the excess. If at the end of any year a deficiency is shown for the year, it is disregarded and a time record is begun for the new year.

The plaintiff concedes that his service on the road was slightly below the average, *i. e.*, that his total time was slightly below an average of 6 hours and 25 minutes for 253 days. He claims, however, that the case is one of equity, not of figures, and that the human element should be considered; that the foundation should be an 8-hour day for a 40-hour week and that he should be paid the excess for any week regardless of the annual daily average of the work performed.

The statute, however, does not make such a provision for railway postal clerks. It provides for overtime pay for class B postal clerks assigned to road duty who are "required to perform service in excess of an average of eight hours daily for two hundred and fifty-three days" per annum. The wording of the statute seems perfectly clear. It provides specifically for overtime pay on the basis indicated and not on a weekly basis.

It is possible that Congress recognized that the nature of the work was such, seasonal or otherwise, as to make it impracticable to apply the general rules to work of this character. It may be noted that the Federal Employees' Pay Act of 1945, 59 Stat. 295, 5 U.S.C.A. § 901 et seq., specifically provides that except as to personnel ceilings it shall not apply to "officers and employees in the field service of the Post Office Department" and to some other special types of service.

■ Since the wording of the statute is clear, it is not our province to read in-

to the law a construction not found in its terms. We must apply the law as we find it. Any changes are the function of the Congress.

The petition is dismissed.

It is so ordered.

MADDEN, WHITAKER and LITTLETON, Judges, concur.